**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathias Kopitzke, et al., | No. CV-22-01042-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Department of Education, | |
| Defendant. | |

**I.**

Plaintiffs seek the expungement of their student loan debt. The United States Department of Education is named as the Defendant. Their Complaint appears to raise two theories. First, Plaintiff asserts that Article I, section 10, clause 1 of the United States Constitution "states that no State shall make any thing but gold and silver coin a tender in payment of debts." (Doc. 1 at 2.) The Plaintiffs seem to believe that because their student loan repayment plan requires payment in paper money, "not gold coin and not silver coin," their debt can be excused. (*Id.*) The second theory appears to be that Congress lacks enumerated power to establish the Department of Education and, therefore, there is no federal authority to continue collecting the debt. (*Id.*) The United States Department of Education moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. 13.)

**II.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

### III.

The United States Department of Education correctly asserts that Congress has not waived the federal government's sovereign immunity in the context of constitutional claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Plaintiffs' Complaint rests solely on constitutional provisions that they assert bar the federal government from enforcing their student loan repayment agreement. Plaintiffs' claims are not cognizable, and this Court therefore lacks subject matter jurisdiction. *Id*. at 446-47.

Because this Court lacks subject matter jurisdiction, it need not determine whether the Complaint fails to state a claim.

### IV.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 13) is granted with prejudice. The Clerk of Court shall enter judgement in Defendant's favor and close this case.

Dated this 24th day of September, 2022.

Michael T. Liburdi
United States District Judge